IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:07CV404

| | | |
|---|---|---|
| VIVIAN S. ROBERTS, | ) | |
| Plaintiff, | ) ) ) | |
| Vs. | ) ) ) | **MEMORANDUM AND O R D E R** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for attorney fees filed September 19, 2008, which the Government opposes in part. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

### I. BACKGROUND

On December 26, 2007, Plaintiff filed a complaint under 42 U.S.C. § 405(g) seeking reversal of a decision by the Commissioner of Social Security denying her benefits or, in the alternative, an order remanding Plaintiff's claim to the Commissioner for further action that was consistent

with the Court's directions.  **See Complaint, filed December 26, 2007, at 2.**  Plaintiff also sought an award of reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.  **Id., at 2.**  On March 12, 2008, Defendant filed an answer contending that Plaintiff had not shown good cause for (1) reversing the Commissioner's decision denying benefits; or (2) remand to the Commissioner for further proceedings. **Answer, at 1-2.**

On May 12, 2008, Plaintiff filed her motion for summary judgment and supporting memorandum, urging the Court to reverse the Commissioner's decision denying benefits or, alternatively, remand the cause for rehearing before the Commissioner.  On July 21, 2008, Defendant filed a motion to reverse the decision of the Commissioner and remand the action pursuant to sentence four of 42 U.S.C. § 405(g).  Plaintiff opposed Defendant's motion, arguing that Defendant was "seeking to specify the issues to be decided on remand so that they are limited to a few selected matters determined solely by the defendant." **Plaintiff's Response to Commissioner's Motion to Remand pursuant to Sentence Four of 42 U.S.C. § 405(g), filed August 4, 2008, at 1.**  Plaintiff further argued that any remand should be pursuant to sentence six of 42 U.S.C. § 405(g).  **Id.**

Plaintiff contends that, in light of sentence six, Defendant did not demonstrate "good cause" for his motion to remand. *Id*. **at 2.** On August 21, 2008, the Court granted Defendant's motion to remand pursuant to sentence four of § 405(g) and entered a contemporaneous judgment reversing the decision of the Commissioner and remanding the matter for further proceedings. **Memorandum and Order and Judgment, filed August 21, 2008.**

On September 19, 2008, Plaintiff filed a timely motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; Defendant opposes, in part, the relief sought.

## II. DISCUSSION

The Court previously noted that Defendant, having filed an answer in this matter, was precluded from thereafter filing a motion to remand under sentence six. *See* **Memorandum and Order, at 2;** *see also Melkonyan v. Sullivan,* **501 U.S. 89, 98 (1991) (citing sentence six of § 405(g) in full and providing discussion)**. Plaintiff's argument that Defendant should have filed the motion to remand under sentence six of

§ 405(g) was erroneous. However, Plaintiff conceded that the Court has the authority under sentence four of 42 U.S.C. § 405(g) to enter an order reversing the Commissioner's decision and remanding for further proceedings. **Plaintiff's Response to Commissioner's Motion to Remand, at 2.** Plaintiff did not appeal from this Court's Judgment and the time to do so has expired. *See* **Fed. R. App. P. 4(a)(1)(B) (providing 60 days to appeal after entry of judgment in civil cases where the Government is a party).**

The Equal Access to Justice Act provides for an award of reasonable attorney's fees and costs against the Government if the following conditions are satisfied:

(1) the party moving for attorney's fees and costs must be the prevailing party in a civil action, *see* **42 U.S.C. § 2412(d)(1)(A)**;

(2) the party moving for attorney's fees and costs must file such motion within 30 days of entry of the judgment in the action, and must allege that the position of the United States was not substantially justified, *see* **§ 2412(d)(1)(B)**; and

(3) the attorney's fees prayed for must be "reasonable," *see* **§ 2412(2)(A).**

Defendant does not dispute that Plaintiff, as the prevailing party after the reversal and remand of the Commissioner's decision, is entitled to reasonable attorney's fees for time expended in this matter.

> Given that the Commissioner requested voluntary remand of this claim, he concedes that Plaintiff reasonably expended services prior to the grant of the remand and was thus a prevailing party within the meaning of the Act[.]

**Defendant's Opposition to Plaintiff's Motion for Attorney's Fees, filed October 6, 2008, at 2.** Defendant does not contest the number of hours claimed by Plaintiff nor the hourly rate calculated by Plaintiff. Rather, Defendant contends that the two hours claimed by Plaintiff in opposing the Commissioner's motion to remand "are excessive and warrant reduction." *Id.* In support of this assertion, Defendant notes that Plaintiff made an erroneous argument that remand should have been sought under sentence six of 42 U.S.C. § 405(g). *Id*. **at 3.** The Court agrees.

Plaintiff devotes nearly a third of his response to the Commissioner's motion to remand to an erroneous interpretation of the law. Therefore, the Court declines to view this time spent as "reasonable" when considering the motion for attorney's fees. The Court would also note that in both the complaint and motion for summary judgment, Plaintiff specifically asked for an order reversing and remanding the cause to the Commissioner as a

form of alternative relief in the event that the Court did not reverse the Commissioner's decision and award Plaintiff benefits. Based on the foregoing, the Court finds that Plaintiff has not carried the burden of establishing that the two hours spent preparing an opposition to the Defendant's motion to remand represent "reasonable" attorney's fees under 28 U.S.C. § 2412.

The Court has carefully reviewed Plaintiff's motion for attorney's fees and accompanying affidavits, the relevant law and Defendant's motion in opposition, and concludes that Plaintiff has met the requirements of 28 U.S.C. § 2412 with regard to the remaining request for attorney's fees.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for attorney's fees is **GRANTED** in part and **DENIED** in part, and Plaintiff is hereby awarded attorney's fees and costs pursuant to the Equal Access to Justice Act in the amount of $4,329.79.

**IT IS FURTHER ORDERED** that amount awarded represents full settlement in satisfaction of any and all claims for attorney's fees and costs, and no additional petition pursuant

Signed: December 11, 2008

Lacy H. Thornburg
United States District Judge